Allen vs. The State.

---

## ALLEN vs. THE STATE.

TRIAL OF CRIMINAL ACTIONS: JUDGE'S MINUTES. *How judge's failure to keep minutes of criminal trial may be taken advantage of.*

The minutes of the evidence in criminal actions, though required by the statute to be kept by the judge and filed with the clerk, are no part of the record proper, and can be brought to this court, on a writ of error, only by bill of exceptions; and where the bill of exceptions merely shows that no such minutes were kept, nor exceptions taken on the trial noted, by the judge, and does not show that his failure in that respect *was excepted to,* it shows no ground for reversal.

ERROR to the Circuit Court for *Waushara* County.

The plaintiff in error, having been convicted in the circuit court upon an information for larceny, and sentenced to imprisonment in the state prison, sued out a writ of error to reverse the judgment. The errors alleged will appear from the opinion.

For the plaintiff in error, there was a brief by *Finch & Barber*, and oral argument by *Mr. Barber*.

For the defendant in error, the cause was submitted on the brief of the *Attorney General*.

ORTON, J. It is stated in the bill of exceptions in this case, that no minutes of the evidence or exceptions taken on the trial were kept by the judge; and this is all of the so-called bill of exceptions. It does not state what the evidence was, or what, if any, were the exceptions taken, and contains no exception on the ground of the omission to keep such minutes; so that the error, if any, must appear upon the record, or consist wholly in the omission of the judge to keep such minutes. To the failure or omission of the judge to keep minutes of the evidence given upon the trial, there was no exception taken, and properly the error of such omission, if any, should be disregarded, or treated as having been waived. But, as the learned counsel of the defendant contends that the minutes of the testimony in all such criminal cases, when taken, become a part of the record, and that, if none were kept, the record upon which the conviction is had and the defendant is sentenced, is imperfect, and insufficient to sustain such sentence and conviction, and that such error of omission is apparent upon the record here returned, the point made may be properly considered.

The position taken by the learned counsel is claimed to be sustained by sec. 4, ch. 113, Laws of 1868, which makes it the duty of any judge presiding at the trial in such a case to keep full minutes of all the testimony given upon such trial,

which minutes shall be filed by the clerk. It will be observed that the statute does not in terms make such minutes so kept and filed a part of the record; and there is certainly very good reason why it does not, in the fact that the defendant might be concluded by such a record of the evidence, without any right or opportunity to suggest amendments to such minutes or statement of the evidence so made by the judge, or to have the same corrected and settled upon a proper hearing. The rights of parties are wisely secured in this respect by the settlement of a bill of exceptions; and it would be a dangerous innovation on an old and well considered practice, to dispense with such a precaution for their protection, by legislation or otherwise. But the statute itself sufficiently defines and limits its purpose, by providing that the minutes of the testimony so kept shall accompany the application of the defendant to the governor for executive clemency; and the provision is very properly in the chapter on pardons. There appears to be no error in the record.

*By the Court.* — The judgment of the circuit court is affirmed.